**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4542**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT CRENSHAW, a/k/a Pops,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:14-cr-00098-IMK-JSK-1)

Submitted: April 29, 2016        Decided: May 16, 2016

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West Virginia, for Appellant. Zelda Elizabeth Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Crenshaw appeals his conviction and the sentence imposed after he pled guilty to distributing heroin within 1000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 860 (2012). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has found no meritorious grounds for appeal but questioning whether Crenshaw's plea was voluntary, whether Crenshaw's sentence is reasonable, and whether Crenshaw's first attorney was effective. Crenshaw was advised of his right to file a pro se supplemental brief, but has not done so.

Having reviewed the transcript of Crenshaw's plea colloquy, we conclude that the district court substantially complied with the requirements of Fed. R. Crim. P. 11, and that any errors in the colloquy did not affect his substantial rights. See United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009) (providing standard). Although counsel questions whether Crenshaw misapprehended the terms of his plea agreement, Crenshaw's testimony at the plea hearing indicates that he fully understood the extent of his bargain with the Government. See Walton v. Angelone, 321 F.3d 442, 462 (4th Cir. 2003) ("Absent clear and convincing evidence to the contrary, [a defendant] is bound by the representations he made during the plea colloquy."). Moreover, Crenshaw has not shown that any such

error would have affected his substantial rights, as there is no indication that he would not have pled guilty absent the alleged misunderstanding. See Massenburg, 564 F.3d at 343.

We review Crenshaw's sentence for procedural and substantive reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Having found no significant procedural error, we examine the substantive reasonableness of a sentence under the totality of the circumstances. Id. We presume on appeal that a within-Guidelines sentence is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). The defendant can rebut that presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id. Having reviewed the record, we conclude that Crenshaw has failed to rebut the presumption that his within-Guidelines sentence is reasonable.

Finally, to the extent counsel questions the effectiveness of Crenshaw's first attorney, we conclude that Crenshaw has not made the requisite showing to assert an ineffective assistance claim on direct appeal and that this claim should be raised, if at all, in a motion under 28 U.S.C. § 2255 (2012). United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008) ("Ineffective assistance claims are generally not cognizable on direct appeal . . . unless it conclusively appears from the

3

record that defense counsel did not provide effective representation." (internal quotation marks omitted)).

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious grounds for appeal and have found none. Accordingly, we affirm Crenshaw's conviction and sentence. This court requires that counsel inform Crenshaw, in writing, of his right to petition the Supreme Court of the United States for further review. If Crenshaw requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Crenshaw. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>